******************************************************

    The ''officially released'' date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the ''officially released''
date appearing in the opinion.

    All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

    The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
MITCHELL HENDERSON
(SC 19947)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

The defendant, who had been convicted of, among other crimes, robbery
in the first degree and attempt to escape from custody, appealed to the
Appellate Court from the trial court's denial of his motion to correct
an illegal sentence. The sentence imposed in connection with the defen-
dant's robbery conviction had been enhanced pursuant to statute ([Rev.
to 1991] § 53a-40 [a]) after he entered an *Alford* plea to the charge of
being a persistent dangerous felony offender, and the sentence imposed
in connection with his conviction of attempt to escape from custody
had been enhanced pursuant to § 53a-40 (b) after he entered an *Alford*
plea to the charge of being a persistent serious felony offender. On
appeal to the Appellate Court, the defendant claimed that the trial court
improperly had denied his motion to correct because his enhanced
sentences violated the multiple punishments provision of the double
jeopardy clause of the United States constitution and were contrary to
the legislative intent underlying the sentence enhancement provisions
of § 53a-40 (a) and (b). The Appellate Court affirmed the trial court's
denial of the defendant's motion. The Appellate Court concluded that
there was no double jeopardy violation because the elements of the
underlying crimes were entirely different and the robbery and attempt
to escape from custody charges arose from two separate and distinct
incidents or transactions. That court also concluded that the plain lan-
guage of § 53a-40 (a) and (b) and the relevant legislative history did not
limit the application of such sentence enhancements to one offense
when a defendant stands convicted of multiple, qualifying offenses. On
the granting of certification, the defendant appealed to this court. *Held*
that the Appellate Court having fully addressed the issues concerning
the propriety of the trial court's denial of the defendant's motion to
correct, this court adopted the Appellate Court's thorough and well
reasoned opinion as a proper statement of the issues and the applicable
law concerning those issues, and, accordingly, the judgment of the
Appellate Court was affirmed.

Argued September 13, 2018—officially released February 26, 2019

*Procedural History*

Substitute two part information charging the defen-
dant, in the first part, with two counts of the crime of
assault in the third degree and one count each of the
crimes of robbery in the first degree, criminal mischief
in the third degree, threatening, and attempt to escape
from custody, and, in the second part, with being a
persistent dangerous felony offender and being a persis-
tent serious felony offender, brought to the Superior
Court in the judicial district of Hartford-New Britain at
Hartford, where the defendant was presented to the
court, *Espinosa, J.*, on a plea of guilty to the crime of
criminal mischief in the third degree and where the
remaining counts were tried to the jury before
*Espinosa, J.*; verdict of guilty of one count each of
assault in the third degree, robbery in the first degree,
threatening, and attempt to escape from custody; there-
after, the defendant was presented to the court,
*Espinosa, J.*, on a plea of guilty to the second part of

the information; judgment of guilty in accordance with the verdict and the pleas, from which the defendant appealed to the Appellate Court, *O'Connell*, *Heiman* and *Schaller*, *Js*., which affirmed the trial court's judgment; subsequently, the court, *Alexander*, *J*., denied the defendant's motion to correct an illegal sentence, and the defendant appealed to the Appellate Court, *Keller*, *Prescott* and *Harper*, *Js*., which affirmed the trial court's denial of the defendant's motion, and the defendant, on the granting of certification, appealed to this court. *Affirmed*.

*Judie Marshall* and *Walter C. Bansley IV*, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy* and *Anne F. Mahoney*, state's attorneys, for the appellee (state).

*Opinion*

PER CURIAM. In 1993, a jury found the defendant, Mitchell Henderson, guilty of robbery in the first degree and attempt to escape from custody, among other offenses.[1] Following the jury verdict, the defendant entered an *Alford*[2] plea to the charge in each of two part B informations, one of which charged him with being a persistent dangerous felony offender pursuant to General Statutes (Rev. to 1991) § 53a-40 (a)[3] in connection with his conviction of first degree robbery, and the second of which charged him with being a persistent serious felony offender pursuant to § 53a-40 (b)[4] in connection with his conviction of attempt to escape from custody. Thereafter, the trial court, *Espinosa, J.*, sentenced the defendant to a term of imprisonment of twenty-five years for the crime of robbery in the first degree as a persistent dangerous felony offender, and to a consecutive term of imprisonment of twenty years, execution suspended after ten years, with five years of probation, for the crime of attempt to escape from custody as a persistent serious felony offender. The Appellate Court affirmed the judgment of the trial court. *State* v. *Henderson*, 37 Conn. App. 733, 749, 658 A.2d 585, cert. denied, 234 Conn. 912, 660 A.2d 355 (1995).

In 2014, the defendant filed a motion to correct an illegal sentence, which the trial court, *Alexander, J.*, denied. The defendant appealed from the trial court's ruling to the Appellate Court, claiming that the trial court improperly had denied his motion because (1) his sentence violated the multiple punishments provision of the double jeopardy clause of the fifth amendment to the United States constitution,[5] and (2) his sentence was contrary to the legislative intent underlying the two sentence enhancement provisions, namely, § 53a-40 (a) and (b). See *State* v. *Henderson*, 173 Conn. App. 119, 123, 128, 163 A.3d 74 (2017).

With respect to his first claim, the defendant maintained that his sentence violated the double jeopardy clause "because his classifications, and resulting enhanced sentence, as both a persistent dangerous felony offender and a persistent serious felony offender . . . arose out of the same occurrences [insofar as] they were both based on his prior felony convictions." Id., 128. The defendant further argued "that [subsections (a) and (b) of] § 53a-40 . . . are the same offense under [the test adopted in] *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)[6] [for determining whether two statutes criminalize the same offense], because § 53a-40 (b) does not require proof of any fact that § 53a-40 (a) does not also require." (Footnote added.) *State* v. *Henderson*, supra, 173 Conn. App. 128. With respect to his second claim, the defendant contended that the "legislature did not intend to simultaneously punish an individual as both a persistent dangerous felony offender and as a persistent serious

felony offender." Id., 134.

In response to the defendant's first claim, the state asserted that the defendant had misapplied the *Blockburger* test because the relevant inquiry for purposes of determining whether a double jeopardy violation exists under *Blockburger* examines the underlying substantive crimes of which he was convicted, namely, robbery in the first degree and attempt to escape custody, and not the elements of § 53a-40 (a) and (b), which merely serve as the basis for a sentence enhancement. Id., 128. The state observed correctly that no double jeopardy violation occurred in the present case because the elements of the underlying crimes are entirely different. See id. As the state further observed, the robbery and attempt to escape custody charges arose from two separate and distinct incidents or transactions. Id. In response to the defendant's claim that his sentence contravened the legislative intent behind the two sentence enhancement provisions, the state argued that the plain language of those provisions and the relevant legislative history "do not limit the application of [such] sentence enhancements to one offense when the defendant stands convicted of multiple qualifying offenses." Id., 134. The Appellate Court agreed with the state's arguments as to each of the defendant's claims; id., 128, 134; and, therefore, it affirmed the trial court's denial of the defendant's motion. See id., 143.

We granted the defendant's petition for certification to appeal, limited to the following question: "Did the Appellate Court properly conclude that the defendant's sentence was not illegal, does not violate the double jeopardy clause [of the United States constitution], and does not run contrary to legislative intent?" *State* v. *Henderson*, 326 Conn. 914, 173 A.3d 389 (2017).

After examining the record and briefs on appeal and considering the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The Appellate Court's thorough and well reasoned opinion fully addresses the certified question, and, accordingly, there is no need for us to repeat the discussion contained therein. We therefore adopt the Appellate Court's opinion as the proper statement of the issues and the applicable law concerning those issues. See, e.g., *Anderson* v. *Commissioner of Correction*, 308 Conn. 456, 462, 64 A.3d 325 (2013).

The judgment of the Appellate Court is affirmed.

[1] The evidence adduced at the defendant's trial established that, on January 17, 1992, the defendant, who was wielding a knife, assaulted and robbed the victim, Victorene Hazel, on Baltimore Street in the city of Hartford after she and a companion left the Shawmut Bank. Shortly thereafter, the defendant was apprehended and arrested by the police and placed in a police cruiser. As he was being transported from the scene, the defendant attempted to escape from custody by kicking out the cruiser's rear window and trying to climb out of the cruiser while it was in motion. *State* v. *Henderson*, 37 Conn. App. 733, 736–38, 658 A.2d 585, cert. denied, 234 Conn. 912, 660 A.2d 355 (1995).

[2] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d

162 (1970).

³ General Statutes (Rev. to 1991) § 53a-40 (a) provides in relevant part: "A persistent dangerous felony offender is a person who (1) stands convicted of manslaughter, arson, kidnapping, sexual assault in the first or third degree, sexual assault in the first or third degree with a firearm, robbery in the first or second degree, or assault in the first degree; and (2) has been, prior to the commission of the present crime, convicted of and imprisoned, under a sentence to a term of imprisonment of more than one year or of death, in this state or in any other state or in a federal correctional institution for any of the following crimes: (A) The crimes enumerated in subdivision (1), the crime of murder, or an attempt to commit any of said crimes or murder . . . ."

Hereinafter, all references to § 53a-40 are to the 1991 revision.

Section 53a-40 further provides in relevant part: "(f) When any person has been found to be a persistent dangerous felony offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration and lifetime supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by section 53a-35a for the crime of which such person presently stands convicted . . . may impose the sentence of imprisonment authorized by said section for a class A felony."

⁴ General Statutes (Rev. to 1991) § 53a-40 (b) provides: "A persistent serious felony offender is a person who (1) stands convicted of a felony; and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime. This subsection shall not apply where the present conviction is for a crime enumerated in subdivision (1) of subsection (a) and the prior conviction was for a crime other than those enumerated in subsection (a)."

Section 53a-40 further provides in relevant part: "(g) When any person has been found to be a persistent serious felony offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public interest, the court in lieu of imposing the sentence of imprisonment authorized by section 53a-35a for the crime of which such person presently stands convicted . . . may impose the sentence of imprisonment authorized by said section for the next more serious degree of felony. . . ."

⁵ The double jeopardy clause of the fifth amendment to the United States constitution is made applicable to the states through the due process clause of the fourteenth amendment. See *Benton* v. *Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).

⁶ "Traditionally we have applied the *Blockburger* test to determine whether two statutes criminalize the same offense, thus placing a defendant prosecuted under both statutes in double jeopardy: [When] the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact [that] the other does not. . . . This test is a technical one and examines only the statutes, charging instruments, and bill of particulars as opposed to the evidence presented at trial. . . .

"Our analysis of [the defendant's] double jeopardy [claim] does not end, however, with a comparison of the offenses. The *Blockburger* test is a rule of statutory construction, and because it serves as a means of discerning [legislative] purpose the rule should not be controlling [when], for example, there is a clear indication of contrary legislative intent. . . . Thus, the *Blockburger* test creates only a rebuttable presumption of legislative intent, [and] the test is not controlling when a contrary intent is manifest." (Citations omitted; internal quotation marks omitted.) *State* v. *Wright*, 319 Conn. 684, 689–90, 127 A.3d 147 (2015).