******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* REGGIE BATTLE
(SC 20396)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Kahn, Ecker and Keller, Js.

*Syllabus*

The defendant, whose probation had been revoked after a finding of a
violation thereof, appealed to the Appellate Court from the trial court's
dismissal of his motion to correct the allegedly illegal sentence imposed
in connection with the revocation of his probation. The defendant
claimed that his sentence was illegal because the violation of probation
statute (§ 53a-32 (d)) did not authorize the trial court to impose a sen-
tence of special parole following a probation violation and revocation.
The Appellate Court concluded that the sentence imposed was not illegal
insofar as it included a period of special parole but concluded that the
trial court should have denied the defendant's motion to correct rather
than having dismissed it. On the granting of certification, the defendant
appealed to this court. *Held* that, following an examination of the record
and briefs on appeal and consideration of the arguments presented by
the parties, this court concluded that the Appellate Court's thorough
and well reasoned opinion fully addressed the issue presented, and,
accordingly, this court adopted that opinion as the proper statement of
the issue and the applicable law concerning that issue.

Argued October 19, 2020—officially released April 1, 2021*

*Procedural History*

Information charging the defendant with the crimes
of carrying a pistol without a permit and criminal pos-
session of a pistol, and with violation of probation,
brought to the Superior Court in the judicial district of
Hartford, where the defendant was presented to the
court, *Alexander, J.*, on a plea of guilty; judgment of
guilty in accordance with plea; thereafter, the court,
*Dewey, J.*, dismissed the defendant's motion to correct
an illegal sentence, and the defendant appealed to the
Appellate Court, *DiPentima, C. J.*, and *Bright* and *Moll*,
*Js.*, which remanded the case to the trial court with
direction to render judgment denying the defendant's
motion to correct, and the defendant, on the granting
of certification, appealed to this court. *Affirmed.*

*Temmy Ann Miller*, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, former
state's attorney, *Sharmese L. Walcott*, state's attorney,
and *Elizabeth Tanaka*, former assistant state's attorney,
for the appellee (state).

*Opinion*

PER CURIAM. The sole issue in this certified appeal is whether General Statutes § 53a-32 (d)[1] affords a trial court the authority to impose a sentence that includes a period of special parole following a probation violation and revocation. The defendant, Reggie Battle, appeals, upon our grant of his petition for certification,[2] from the judgment of the Appellate Court remanding the case to the trial court with direction to deny his motion to correct an illegal sentence pursuant to Practice Book § 43-22. See *State* v. *Battle*, 192 Conn. App. 128, 147, 217 A.3d 637 (2019). On appeal, the defendant contends that the Appellate Court improperly construed § 53a-32 (d) (4) in concluding that the sentence imposed upon the revocation of his probation was not illegal. We disagree and, accordingly, affirm the judgment of the Appellate Court.

On appeal, the defendant claims that the plain and unambiguous language of § 53a-32 (d) (4) did not authorize the trial court to impose a sentence of special parole upon the revocation of probation because that sanction is not one that is mentioned in the statute. After examining the record and briefs on appeal and considering the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The Appellate Court's thorough and well reasoned opinion fully addresses the certified question, along with the complete facts and procedural history of this case, and, accordingly, there is no need for us to repeat the discussion contained therein. We therefore adopt the Appellate Court's opinion as the proper statement of the issues and the applicable law concerning those issues. See, e.g., *R.T. Vanderbilt Co.* v. *Hartford Accident & Indemnity Co.*, 333 Conn. 343, 357, 216 A.3d 629 (2019); *State* v. *Henderson*, 330 Conn. 793, 799, 201 A.3d 389 (2019).

The judgment of the Appellate Court is affirmed.

\* April 1, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 53a-32 (d) provides: "If such violation is established, the court may: (1) Continue the sentence of probation or conditional discharge; (2) modify or enlarge the conditions of probation or conditional discharge; (3) extend the period of probation or conditional discharge, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29; or (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the court, followed by a period of probation with such conditions as the court may establish. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

[2] We granted the defendant's petition for certification to appeal from the Appellate Court, limited to the following issue: "Did the Appellate Court correctly conclude that, under . . . § 53a-32, a trial court, following a probation violation and revocation, may impose a sentence that includes a period of special parole?" *State* v. *Battle*, 333 Conn. 942, 219 A.3d 373 (2019).