# STATE OF CONNECTICUT *v.*
# ULYSES R. ALVAREZ
# (SC 20697)

Robinson, C. J., and McDonald, D'Auria,
Mullins, Ecker and Alexander, Js.

*Syllabus*

The defendant, who had been convicted of sexual assault in the fourth
degree and risk of injury to a child, appealed to the Appellate Court.
The Appellate Court reversed the judgment of conviction, concluding
that the state had failed to establish that the trial court's improper
withholding of certain sealed medical records of one of the victims, A,
was harmless beyond a reasonable doubt and that the trial court had
abused its discretion in allowing the state to introduce evidence of
uncharged sexual misconduct that was not sufficiently similar to the
conduct at issue in the present case. On the granting of certification,
the state appealed to this court.

*Held* that, after an examination of the record and briefs on appeal and
consideration of the parties' arguments, the Appellate Court's judgment
was affirmed, and this court adopted the Appellate Court's thorough

State *v.* Alvarez

and well reasoned opinion as the proper statement of the issues and the applicable law concerning those issues:

This court undertook a thorough and independent review of the sealed records at issue and identified multiple references to A's history of untruthfulness and of having made false allegations, those records contained information relating to behavioral, cognitive and emotional issues that could have affected A's ability to observe, understand and accurately narrate the events in question, and, because that information was not available elsewhere in the trial court record, defense counsel's cross-examination of A was limited.

Moreover, the record supported the Appellate Court's determination that the uncharged sexual misconduct evidence at issue was not sufficiently similar to the conduct at issue in the present case.

Argued March 22—officially released May 2, 2023

*Procedural History*

Substitute information charging the defendant with two counts each of the crimes of sexual assault in the fourth degree and risk of injury to a child, brought to the Superior Court in the judicial district of Litchfield, where the court, *Wu, J.*, granted the state's motion to introduce certain uncharged misconduct evidence; thereafter, the case was tried to the jury before *Wu, J.*; verdict and judgment of guilty, from which the defendant appealed to the Appellate Court, *Bright, C. J.*, and *Suarez* and *Sullivan, Js.*, which reversed the judgment of the trial court and remanded the case for a new trial, and the state, on the granting of certification, appealed to this court. *Affirmed*.

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *David R. Shannon*, state's attorney, and *Dawn Gallo*, former state's attorney, for the appellant (state).

*Kevin M. Smith*, with whom, on the brief, was *Norman A. Pattis*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this certified appeal, the state appeals from the Appellate Court's judgment reversing the trial

State *v.* Alvarez

court's judgment of conviction against the defendant, Ulyses R. Alvarez, rendered after a jury trial, of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (E) and (8), and risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and (2).[1] See *State* v. *Alvarez*, 209 Conn. App. 250, 252, 271, 267 A.3d 303 (2021). On appeal, the state claims that the Appellate Court incorrectly held that (1) the state had failed to establish that it was harmless beyond a reasonable doubt that the trial court improperly withheld relevant sealed medical records of A,[2] who testified on behalf of the state both to corroborate the testimony of the victim, K, and to provide uncharged sexual misconduct evidence, and (2) the trial court abused its discretion by allowing the state to introduce evidence of uncharged sexual misconduct, specifically, the testimony of P, on the ground that the conduct was not sufficiently similar to the conduct at issue in the present case.

After examining the record and briefs on appeal and considering the arguments of the parties, we conclude

[1] We granted the state's petition for certification to appeal, limited to the following issues: (1) "Did the Appellate Court improperly apply the constitutional harmless error standard to the trial court's failure to disclose certain sealed records under *State* v. *Esposito*, 192 Conn. 166, 471 A.2d 949 (1984), instead of the standard typically used for purely evidentiary claims?" And (2) "[d]id the Appellate Court incorrectly determine that the trial court had abused its discretion in finding that evidence of the defendant's uncharged misconduct against P was not sufficiently similar to his charged conduct against the complainant, K, in this case?" *State* v. *Alvarez*, 342 Conn. 905, 270 A.3d 692 (2022).

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Furthermore, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

State *v.* Alvarez

that the judgment of the Appellate Court should be affirmed on the grounds stated by the Appellate Court. More specifically, as to the state's first claim, this court, like the Appellate Court, has undertaken a thorough and independent review of the sealed records. Based on that review, we identified multiple records containing references both to A's history of untruthfulness in general and A's history of making false misconduct allegations in particular. The records also contain information relating to behavioral, cognitive, and emotional issues that could affect A's ability to observe, understand, and accurately narrate the events in question. See *State* v. *Juan A. G.-P.*, 346 Conn. 132, 155, 287 A.3d 1060 (2023) (trial court improperly withheld from defendant relevant impeachment material contained in complainants' psychiatric records and generally describing relevant portions of those records). This information was not available elsewhere in the trial court record, and thus defense counsel's cross-examination of A was limited to the fact that A had a criminal history, A had a history of drug use, and A originally denied that the misconduct at issue had occurred. As to the state's second claim, our review of the trial court record also confirms the Appellate Court's determination that the uncharged sexual misconduct about which P testified was not sufficiently similar to the conduct at issue in the present case. The Appellate Court's thorough and well reasoned opinion fully addresses the certified questions, and, accordingly, we adopt the Appellate Court's opinion as the proper statement of the issues and the applicable law concerning those issues. See, e.g., *State* v. *Henderson*, 330 Conn. 793, 799, 201 A.3d 389 (2019).

The judgment of the Appellate Court is affirmed.